# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MALCOLM LOGAN and AHMED MORGAN, individually and on behalf of a class, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 06 C 1553 |
| v. | )<br>) Judge Virginia M. Kendall |
| MICHAEL SHEAHAN, Sheriff of Cook County, in his official capacity, and COOK COUNTY, | )<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Malcolm Logan and Ahmed Morgan ("Plaintiffs") allege, under 42 U.S.C. § 1983, that employees of Defendant Michael Sheahan ("Defendant") deprived them of property in violation of the procedural guarantees afforded in the Fourteenth Amendment's Due Process Clause. Specifically, Defendant disposed of Plaintiffs' personal property without providing Plaintiffs adequate notice and a fair opportunity to reclaim their property.[1] Defendant now moves to dismiss Plaintiffs' Complaint. Because Plaintiffs' Response to the Motion to Dismiss relies on new facts and legal theories the relevance of which Defendant could not reasonably be expected to have discerned from the Complaint, Defendant's Motion to Dismiss is granted.

Section 1983 provides an action against a person who, under color of law, deprives a citizen of any "rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights," but instead allows "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979).

---

[1] Defendant Sheahan is sued in his official capacity as Sheriff of Cook County. Cook County funds the Office of Sheriff and Illinois law requires Cook County to pay a judgment entered against the Sheriff's Office.

Plaintiffs do not cite any right, privilege or immunity secured by the Constitution or federal law other than the Due Process Clause of the Fourteenth Amendment. The Due Process Clause provides that a State shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV.

To state a claim for a violation of procedural due process, a plaintiff must allege that his state remedies are inadequate. *Parratt v. Taylor*, 451 U.S. 527, 537 (1981), overruled in other grounds in *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). Plaintiffs have a state law remedy for any loss of personal property resulting from the conduct of the Sheriff's employees, namely, a state court action for conversion or a similar tort. Where the only state remedy is a postdeprivation tort action, it must be coupled with "the necessity of quick action by the State or the impracticality of providing any meaningful predeprivation process." *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982), quoting *Parratt*, 451 U.S. at 539. One instance where it is impractical to provide a meaningful predeprivation process is when a state employee negligently or intentionally and without authorization deprives an individual of their property. *See Parratt*, 451 U.S. at 541 (negligent); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional). In such circumstances, "[i]t is difficult to conceive how the State could provide a meaningful hearing before the deprivation takes place." *Parratt*, 451 U.S. at 541. On the other hand, a postdeprivation remedy will not satisfy due process when the deprivation of property resulted from an established state procedure, rather than random and unauthorized action. *Logan*, 455 U.S. at 435-36; *compare Gates v. Towery*, 331 F. Supp. 2d 666, 670 (N.D. Ill. 2004) (finding plaintiffs adequately alleged that defendants had a policy of issuing inventory receipts which falsely represented the process to recover seized property) *with Perry v. Village of Arlington Heights*, 1995 WL 32616, *2 (N.D. Ill. 1995) (finding no policy where plaintiff alleged that state employee ordered unauthorized towing of plaintiff's vehicle). Thus, the

2

critical question is whether Plaintiffs' deprivation was caused by a random, unauthorized act of a state employee or whether the state employee was acting consistent with an established state procedure.

Plaintiffs originally filed their case as a class action seeking to represent all persons which had personal property destroyed *within one year of their release* from the Cook County Department of Corrections ("Jail"). In a motion for class certification, Plaintiffs sought to represent a class of all persons whose property was destroyed *prior to their release* from the Jail. Plaintiffs then withdrew the class certification motion and elected to proceed individually with their claims – although, they continue to allege that the property of other inmates was destroyed without notice, presumably as the predicate for their state procedure claim.

In their Complaint, Plaintiffs allege that the Sheriff had a practice, procedure and policy of destroying personal property of inmates one hundred and twenty days *after they were booked* into the Jail. In their Response to the Motion to Dismiss, Plaintiffs allege first that the Sheriff's property receipt, General Orders and Rules and Regulations are misleading, confusing and inconsistent and therefore did not provide procedural safeguards for reclaiming their personal property. Second, Plaintiffs allege that the Jail's written policy of storing detainee's property for 120 days *after they were released* was not followed. Instead, Defendant had a practice of destroying a detainee's property within 90 days of the detainee's release and without notice.

A Complaint need not identify the correct legal theory or any legal theory for that matter as long as "relief is possible under any set of facts that could be established consistent with the allegations." *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992); *see Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (a Rule 12(b)(6) motion will not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would

entitle him to relief"). And a plaintiff is entitled to present arguments against dismissal based on the facts in the Complaint and the reasonable inferences therefrom, but a plaintiff "cannot avoid dismissal by citing new facts and legal theories the relevance of which a defendant could not reasonably be expected to have discerned based on the complaint." *Rogers v. Wexler*, 2002 WL 484894, *2 (N.D. Ill. 2002); *see Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989) ("It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss"). In their Response, Plaintiffs rely on different policies, practices and procedures than alleged in the Complaint. Likewise, Plaintiffs allege a different cause for their constitutional deprivations. Given the transient nature of Plaintiffs' allegations, the Complaint does not provide Defendant with fair notice of the claims against him. *See Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (pleadings must "narrate a grievance simply and directly, so that the defendant knows what he has been accused of"). Additionally, the Complaint is muddled with class allegations that are no longer relevant.

Wherefore, Defendant's Motion to Dismiss is granted and Plaintiffs' Complaint is dismissed without prejudice. Plaintiffs are granted leave to file an amended complaint within 14 days from the date of this Order. Defendants shall answer or otherwise plead within 14 days after the filing of any amended complaint.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: December 6, 2006